UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GO NEW YORK TOURS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK CRUISE LINES, INC. d/b/a CIRCLE LINE SIGHTSEEING CRUISES,<br><br>Defendant. | Case No. 1:26-cv-01917<br><br>**JURY TRIAL DEMAND**<br><br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DECLARATORY RELIEF, AND CANCELLATION** |

Plaintiff Go New York Tours, Inc. ("Plaintiff" or "Go New York") complains and alleges as follows against Defendant New York Cruise Lines, Inc. d/b/a Circle Line Sightseeing Cruises ("Defendant" or "Circle Line").

**NATURE OF THE ACTION**

1. This is an action for trademark infringement, false designation of origin, unfair competition, and declaratory relief arising from Defendant's deliberate and willful use of confusingly similar LIBERTY-formative marks in connection with sightseeing boat tour service in direct competition with Plaintiff.

2. Plaintiff Go New York Tours, Inc. is the owner of United States Trademark Registration No. 7746957 for the mark LIBERTY CRUISE (the "LIBERTY CRUISE Mark"), which was duly issued on April 1, 2025, on the Principal Register of the United States Patent and Trademark Office ("USPTO").

3. Plaintiff has continuously used the LIBERTY CRUISE Mark in interstate commerce in connection with sightseeing boat tour services in New York Harbor and has invested substantial time, effort, and financial resources in building goodwill associated with the mark.

4. Defendant New York Cruise Lines, Inc. d/b/a Circle Line Sightseeing Cruises operates directly competing sightseeing boat tour services in the same geographic market and targets the same consumer base as Plaintiff.

5. Defendant has adopted and continues to use the marks LIBERTY MIDTOWN CRUISE and LIBERTY SUPER EXPRESS CRUISE in connection with identical sightseeing boat tour services in New York Harbor.

6. Defendant's use of these marks appropriates the dominant and distinctive portion of Plaintiff's federally registered mark and creates a substantial likelihood of confusion, mistake, and deception among consumers as to the source, sponsorship, affiliation, or endorsement of Defendant's services.

7. Defendant initiated and continues to prosecute a petition before the Trademark Trial and Appeal Board ("TTAB") seeking cancellation of Plaintiff's federal registration, thereby placing the validity, enforceability, and priority of Plaintiff's trademark rights directly at issue and creating an actual and justiciable controversy between the parties.

8. Defendant has filed trademark applications with the USPTO for LIBERTY MIDTOWN CRUISE and LIBERTY SUPER EXPRESS CRUISE while also pursuing cancellation of Plaintiff's registration before the TTAB.

9. The USPTO subsequently issues Office Actions refusing registration of Defendant's application, determining that Defendant's marks are likely to cause confusion with Plaintiff's LIBERTY CRUISE Mark.

10.    Defendant has been aware of Plaintiff's use of the LIBERTY CRUISE mark since at least 2017.

11.    Defendant's conduct reflects a deliberate decision to continue exploiting

confusingly similar LIBERTY-formative branding in the marketplace while simultaneously attempting to invalidate the federal registration that impedes its own registration efforts.

12.     Defendant's continued use despite its knowledge of Plaintiff's mark and its receipt of constructive notice of Plaintiff's registration is willful infringement within the meaning of 15 U.S.C. § 1117.

13.     Plaintiff brings this action to protect its federally registered trademark, to recover damages and Defendant's profits arising from Defendant's willful infringement, to obtain treble damages and attorneys' fees as an exceptional case, to secure permanent injunctive relief, to obtain declaratory judgments confirming the validity and enforceability of its registration and the absence of any superior common law rights held by Defendant, and to obtain cancellation or refusal of Defendant's pending trademark applications pursuant to 15 U.S.C. § 1119.

## THE PARTIES

14.     Plaintiff Go New York Tours, Inc. ("Plaintiff" or "Go New York") is a corporation organized and existing under the laws of New York, with its principal place of business located in New York, New York.

15.      Plaintiff, through its licensee New York Water Tours, Inc., operates sightseeing boat tour services in New York Harbor and surrounding waters under the federally registered LIBERTY CRUISE Mark.

16.     Plaintiff adopted the LIBERTY CRUISE MARK in or about April 2014 and first used the mark in interstate commerce on or about July 14, 2015.

17.     Since that time, Plaintiff, through its licensee, has continuously, openly, and exclusively used the LIBERTY CRUISE Mark in commerce in connection with sightseeing tour services, including tours featuring views of New York Harbor landmarks.

18.     Plaintiff and its licensee promote and advertise the services through online ticketing platforms, websites, travel and tourism aggregators, social media, and physical marketing materials distributed in the New York metropolitan area.

19.     Through its continuous use and promotion of the LIBERTY CRUISE Mark, Plaintiff has developed substantial goodwill and consumer recognition in the marketplace.

20.     Defendant New York Cruise Lines, Inc. d/b/a Circle Line Sightseeing Cruises ("Defendant" or "Circle Line") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in New York, New York.

21.     Defendant operates sightseeing boat tour services in New York harbor under the Circle Line brand and directly competes with Plaintiff in offering tours featuring views of the landmarks of New York City.

22.     Defendant markets and sells its sightseeing services to the same class of consumers targeted by Plaintiff, including tourists and members of the general public seeking harbor sightseeing experiences.

23.     Defendant advertises its services through substantially similar channels of trade as Plaintiff, including online platforms, tourism websites, and on-site promotional materials within New York City.

24.     Upon information and belief, Defendant derives substantial revenue from its sightseeing boat tour operations conducted within this District.

**JURISDICTION AND VENUE**

25.     This action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq., including, without limitation, 15 U.S.C. §§ 1114, 1125(a), and 1119.

26.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant

to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the trademark laws of the United States.

27.     This Court has supplemental jurisdiction over Plaintiff's related state law claim for unfair competition pursuant to 28 U.S.C. § 1367(a), because that claim forms part of the same case or controversy under Article III of the United States Constitution.

28.     This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 because an actual, immediate, and substantial controversy exists between the parties regarding the validity, enforceability, and priority of Plaintiff's federally registered trademark rights.

29.     This Court has authority under 15 U.S.C. § 1119 to determine the right to registration and to order cancellation or refusal of trademark registrations in the context of an action involving a registered mark.

30.     This Court has personal jurisdiction over Defendant. Defendant is incorporated in the State of Delaware, maintains its principal place of business in New York, New York, and conducts substantial business activities within this District.

31.     Defendant conducts substantial, continuous, and systematic business activities within this District, including the operation, marketing, and sale of sightseeing boat tour services.

32.     The claims asserted herein arise directly from Defendant's activities conducted within this District.

33.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant has its principal place of business in this District and because a substantial part of the events or omissions giving ride to the claims occurred in this District.

34.     Venue is further proper pursuant to 28 U.S.C. § 1391(c)(2), as Defendant is subject

to personal jurisdiction in this District.

<b>FACTUAL BACKGROUND</b>

**A.  Plaintiff's Business and Adoption of the LIBERTY CRUISE MARK**

35.    Plaintiff operates sightseeing boat tour services in New York Harbor, offering tours that feature views of the Statue of Liberty, Ellis Island, and other prominent landmarks.

36.    The New York Harbor sightseeing market is highly competitive and concentrated within a limited geographic area, with operators vying for the same pool of tourists and members of the general public seeking harbor based sightseeing experiences.

37.    In or about April 2014, Plaintiff adopted the LIBERTY CRUISE Mark to identify and distinguish its sightseeing tour services from those of competitors.

38.    Plaintiff selected the LIBERTY CRUISE Mark as a distinctive source identifier to distinguish Plaintiff's services in a crowded marketplace.

39.    Plaintiff first used the LIBERTY CRUISE Mark in interstate commerce on or about July 14, 2015 in connection with ticket sales and promotion of its sightseeing boat tours.

40.    Since that time, Plaintiff has continuously, openly, and exclusively used the LIBERTY CRUISE Mark in commerce.

41.    Plaintiff has expended substantial financial resources developing, promoting, and advertising its services under the LIBERTY CRUISE Mark, including through online platforms, tourism websites, travel aggregators, and physical promotional materials distributed throughout New York City.

42.    Throughout such continuous use and promotion, the LIBERTY CRUISE Mark has developed substantial goodwill and recognition among consumers of New York Harbor sightseeing tours.

43.     The LIBERTY CRUISE Mark functions as a source identifier that distinguishes Plaintiff's services from those of competitors operating in the same market.

**B.  Defendant's Competing Operations**

44.     Defendant operates sightseeing boat tours in New York Harbor under the brand "Circle Line Sightseeing Cruises."

45.     Defendant offers tours featuring views of the landmarks of New York City that directly compete with Plaintiff's services.

46.     Defendant markets and sells its services to the same class of consumers targeted by Plaintiff, including domestic and international tourists visiting New York City.

47.     Defendant promoted its services through online ticketing platforms, tourist websites, and physical marketing materials located in high traffic tourist areas.

48.     Plaintiff and Defendant operate in close geographic proximity and compete head-to-head for customers.

49.     Defendant was aware of Plaintiff's use of the mark LIBERTY CRUISE in connection with its cruise boat service.

**C.  Defendant's Adoption of Confusingly Similar Marks**

50.     At a time when Plaintiff was using and promoting the LIBERTY CRUISE Mark in commerce, Defendant adopted and began using the marks LIBERTY MIDTOWN CRUISE and LIBERTY SUPER EXPRESS CRUISE to identify certain cruise routes of its cruise boat service.

51.     Defendant's adoption of these marks incorporated the identical dominant term "LIBERTY," which is the core source-identifying portion of Plaintiff's federally registered mark.

52.     The additional wording in Defendant's marks, "MIDTOWN" and "SUPER EXPRESS," describe route characteristics or speed and do not materially alter the overall

commercial impression created by the shared dominant term.

53.     Defendant's use of these marks to identify cruise routes in the same geographic market as Plaintiff operates its cruise boat service has created, and continues to create, a substantial likelihood of consumer confusion.

**D.  The TTAB Cancellation Proceeding**

54.     Defendant initiated a petition before the Trademark Trial and Appeal Board seeking cancellation of Plaintiff's U.S. Registration No. 7746957.

55.     In that cancellation proceeding, Defendant challenges the validity and enforceability of Plaintiff's registration.

56.     The TTAB proceeding remains pending.

57.     Defendant's cancellation petition placed the validity and priority of Plaintiff's federal registration directly as issue.

58.     As a result of Defendant's cancellation petition, an actual and justiciable controversy exists between the parties regarding their respective trademark rights.

**E.  USPTO Refusals and Continued Infringement**

59.     In additional to the TTAB cancellation proceeding, Defendant filed trademark applications seeking registration of LIBERTY MIDTOWN CRUISE and LIBERTY SUPER EXPRESS CRUISE.

60.     The USPTO issued Office Actions refusing registration of Defendant's applications based on likelihood of confusion with Plaintiff's LIBERTY CRUISE Mark.

61.     Defendant's prosecution of and continued use of its Liberty-formative marks after receiving both constructive notice of Plaintiff's registration and having actual knowledge of Plaintiff's prior use demonstrates deliberate and willful infringement.

62.     Defendant's conduct reflected a calculated decision to continue exploiting confusingly similar branding in the marketplace while simultaneously attempting to invalidate Plaintiff's federal registration.

63.     Defendant's actions have caused and continue to cause damage to Plaintiff, including diversion of customers, loss of sales, diminution of goodwill, and unjust enrichment of Defendant.

## PLAINTIFF'S FEDERAL TRADEMARK RIGHTS

64.      Plaintiff applied to register the mark LIBERTY CRUISE with the United States Patent and Trademark Office in connection with sightseeing boat tour services in International Class 39.

65.     On April 1, 2025, U.S. Registration No. 7746957 was issued on the Principal Register for the LIBERTY CRUISE Mark.

66.     The registration remains valid, subsisting, and in full force and effect.

67.     The registration constituted prima facie evidence of the validity of the LIBERTY CRUISE MARK, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the mark in commerce with the services identified in the registration, pursuant to 15 U.S.C. § 1115(a).

68.     Registration on the Principal Register reflects the USPTO's determination that the LIBERTY CRUISE Mark is distinctive and capable of functioning as a source identified for sightseeing boat tour services.

69.     Pursuant to 15 U.S.C § 1072, Defendant had nationwide constructive notice of Plaintiff's ownership of the LIBERTY CRUISE Mark as of April 1, 2025.

70.     Plaintiff has complied with all statutory requirements to maintain its federal registration.

71.     Plaintiff's federal registration provides Plaintiff with the right to bring this action for infringement under 15 U.S.C. § 1114.

72.     Defendant's continued use of confusingly similar LIBERTY-formative marks in connection with identical services infringes Plaintiff's exclusive rights.

## LIKELIHOOD OF CONFUSION

73.     Defendant's use of LIBERTY MIDTOWN CRUISE and LIBERTY SUPER EXPRESS CRUISE in connection with sightseeing boat tour services is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, affiliation, or endorsement of Defendant's services.

74.     Plaintiff's LIBERTY CRUISE Mark is federally registered on the Principal Register and is therefore presumptively valid and distinctive.

75.     The USPTO's issuance of Registration No. 7746957 reflects a determination that the mark functions as a source identifier and is entitled to protection.

76.     Plaintiff has continuously used the LIBERTY CRUISE Mark in commerce since at least as early as July 14, 2015.

77.     Through continuous use, marketing, and promotion, the mark has acquired commercial recognition among consumers seeking sightseeing boat tours in New York harbor.

78.     The strength of Plaintiff's mark weights in favor of a finding of likelihood of confusion.

79.     Defendant's marks incorporate the identical dominant term "LIBERTY," which is the core source identifying element of Plaintiff's mark.

80.     In Plaintiff's mark, the term "LIBERTY" appears as the first and most prominent word.

81.     In Defendant's mark, the term "LIBERTY" likewise appears as the first and most prominent word.

82.     The additional wording in Defendant's mark, "MIDTOWN" and "SUPER EXPRESS," is descriptive of route characteristics or speed and does not materially alter the overall commercial impression created by the shared dominant term.

83.     When considered in their entirety, Defendant's marks are highly similar to Plaintiff's LIBERTY CRUISE Mark in sight, sound, meaning, and commercial impression.

84.     The similarity of the marks weighs strongly in favor of a finding of likelihood of confusion.

85.     Plaintiff and Defendant both offer sightseeing boat tours in New York Harbor.

86.     Both parties' services include tours featuring views of the Statue of Liberty and other well-known landmarks.

87.     Both parties sell tickets through similar channels of trade, including online ticketing platforms and in-person sales.

88.     The services offered by the parties are identical or substantially identical.

89.     The proximity of the services weighs heavily in favor of a finding of likelihood of confusion.

90.     The similarity of the marks and identity of the services create a substantial likelihood that consumers will mistakenly believe that Defendant's services originate from, are sponsored by, or are affiliated with Plaintiff.

91.     Consumers purchasing sightseeing tours frequently make purchase decisions quickly and in unfamiliar environments.

92.     Such consumers often rely primarily on brand names when selecting between

11

similar offerings.

93.     Upon information and belief, Defendant's use of confusingly similar LBERTY-formative marks has resulted in instances of consumer confusion, the full extent of which will be revealed through discovery.

94.     Defendant adopted and continued using LIBERTY-formative marks despite its awareness of Plaintiff's prior use and Plaintiff's federal registration.

95.     Defendant continued use after receiving constructive notice of Plaintiff's rights pursuant to 15 U.S.C. § 1072.

96.     Defendant's decision to persist in its use while simultaneously prosecuting a TTAB cancellation petition reflects bad faith.

97.     The relevant consumers consist primarily of tourists and members of the general public seeking sightseeing experiences.

98.     Such consumers are not expected to exercise a high degree of care in distinguishing between similarly named sightseeing cruise operators.

99.     Purchasing decision are frequently made quickly and under time constraints.

100.    The relative lack of consumer sophistication increases the likelihood of confusion.

## WILLFUL INFRINGEMENT

101.    Plaintiff repeats and realleges Paragraphs 1 through 107 as if fully set forth herein.

102.    Defendant had nationwide constructive notice of Plaintiff's ownership of the LIBERTY CRUISE Mark as of April 1, 2025, pursuant to 15 U.S.C. § 1072, and was aware of Plaintiff's use of the LIBERTY CRUISE mark well before that.

103.    Defendant's decision to persist in its infringing use while simultaneously seeking cancellation of Plaintiff's registration demonstrates conscious disregard of Plaintiff's federally

protected rights.

104.      Defendant's infringement has been willful within the meaning of 15 U.S.C. § 1117.

105.      As a result of Defendant's willful infringement, Plaintiff is entitled to enhanced remedies, including Defendant's profits, treble damages, and attorney's fees in this exceptional case.

## DAMAGES AND IRREPARABLE HARM

106.      As a direct and proximate result of Defendant's infringing conduct, Plaintiff has suffered and continuous to suffer injury.

107.      Defendant's use of confusingly similar LIBERTY-formative marks in connection with identical sightseeing boat tour services has diverted customers who would otherwise have purchased Plaintiff's services.

108.      Defendant's conduct has caused Plaintiff to lose sales and revenue in an amount to be determined at trial.

109.      Defendant has derived revenues and profits from its use of the confusingly similar marks.

110.      Upon information and belief, a substantial portion of Defendant's revenues attributable to its LIBERTY MIDTOWN EXPRESS CRUISE and LIBERTY SUPER EXPRESS CRUISE offerings are the result of consumer confusion and diversion from Plaintiff.

111.      Plaintiff is entitled to recover Defendant's profits pursuant to 15 U.S.C. § 1117(a)

112.      Plaintiff is further entitled to recover its actual damages, including lost profits, loss of goodwill, and harm to brand value.

113.      Defendant's continues use of confusingly similar marks has impaired Plaintiff's ability to control its reputation and the goodwill associated with the LIBERTY CRUISE Mark.

114.    The harm caused by Defendant's infringement is ongoing and threatens to continue unless enjoyed by this Court.

115.    Monetary damages alone are insufficient to fully remedy the injury to Plaintiff's goodwill, brand identity, and marketplace position.

116.    Defendant's willful infringement entitles Plaintiff to enhanced damages, including treble damages under 15 U.S.C § 1117.

117.    Defendant's conduct renders this an exceptional case warranting an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## DECLARATORY CONTROVERSY

118.    An actual, immediate, and justiciable controversy exists between Plaintiff and Defendant regarding the validity, enforceability, and priority of Plaintiff's federally registered LIBERTY CRUISE Mark.

119.    Defendant has initiated and continues to prosecute a petition before the Trademark Trial an Appeal Board seeking cancellation of Plaintiff's U.S. Registration No. 7746957.

120.    In that proceeding, Defendant challenges the validity and enforceability of Plaintiff's federal registration.

121.    Defendant has asserted that it possesses superior common law rights in LIBERTY-formative marks and that Plaintiff's registration should be cancelled.

122.    Defendant's cancellation petition places the parties in direct and concrete legal adversity concerning ownership, priority, and scope of trademark rights.

123.    Defendant's continues use of LIBERTY MIDTOWN CRUISE and LIBERTY SUPER EXPRESS CRUISE in commerce, while simultaneously challenging Plaintiff's registration, further intensifies that controversy.

124.    The dispute between the parties is not hypothetical, abstract, or contingent upon future events.

125.    Judicial resolution is necessary to confirm Plaintiff's valid and enforceable federal registration and declare the Defendant possesses no superior common law rights in LIBERTY-formative marks.

126.    A judicial declaration will serve the useful purpose of clarifying and settling the legal relations between the parties.

127.    Absent declaratory relief, Plaintiff will continue to face uncertainty and ongoing harm arising from Defendant's competing claims of rights in confusingly similar marks.

## FIRST CLAIM FOR RELIEF

## (TRADEMARK INFRINGEMENT)

128.    Plaintiff repeats and realleged Paragraph 1 through 137 as if fully set forth herein.

129.    Plaintiff is the owner of a valid and subsisting federal trademark registration for the LIBERTY CRUISE Mark.

130.    Defendant has used in commerce marks that are confusingly similar to Plaintiff's registered mark in connection with identical sightseeing boat tour services, without Plaintiff's consent.

131.    Defendant's use of LIBERTY MIDTOWN CRUISE and LIBERTY SUPER EXPRESS CRUISE is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, affiliation, or endorsement of Defendant's services.

132.    Defendant's conduct constitutes infringement of Plaintiff's registered trademark in violation of 15 U.S.C. § 1114.

133.    Defendant's infringement has been willful and in conscious disregard of Plaintiff's

federally protected rights.

134.     As a direct and proximate result of Defendant's infringement, Plaintiff has suffered

damages, including but not limited to lost sales, lost profits, and harm to goodwill.

135.     Plaintiff is entitled to recover Defendant's profits, Plaintiff's actual damages, treble

damages, attorney's fees, costs, and injunctive relief pursuant to 15 U.S.C. § 1117.

<h2 align="center">SECOND CLAIM FOR RELIEF</h2>

<h2 align="center">(FALSE DESIGNATION OF ORIGIN)</h2>

136.     Plaintiff repeats and realleges Paragraphs 1 through 145 as if fully set forth herein.

137.     Defendant's use of confusingly similar LIBERTY-formative marks in connection

with its services constitutes false designation of origin and unfair competition under 15 U.S.C. §

1125(a).

138.     Defendant's conduct is likely to cause confusion, mistake, or deception as to the

affiliation, connection, association, sponsorship, or approval of Defendant's services by Plaintiff.

139.     Defendant's acts have caused and continue to cause damage to Plaintiff.

140.     Plaintiff is entitled to injunctive relief, monetary damages, Defendant's profits,

enhanced damages, attorneys' fees, and costs.

<h2 align="center">THIRD CLAIM FOR RELIEF</h2>

<h2 align="center">(UNFAIR COMPETITION)</h2>

141.     Plaintiff repeats and realleges Paragraphs 1 through 150 as if fully set forth herein.

142.     Defendant has engaged in unfair competition under the common law of the State of

New York by using confusingly similar marks in bad faith to compete directly with Plaintiff.

143.     Defendant's conduct constitutes misappropriation of Plaintiff's goodwill and

commercial advantage.

144.     Plaintiff has suffered damages as a result of Defendant's unfair competition.

145.     Plaintiff is entitled to compensatory damages, disgorgement of Defendant's profits, injunctive relief, and such other relief as this Court deems appropriate.

## FOURTH CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT – VALIDITY AND ENFORCEABILITY)

146.     Plaintiff repeats and realleged Paragraphs 1 through 155 as if fully set forth herein.

147.     An actual, immediate, and justiciable controversy exists between the parties regarding the validity and enforceability of Plaintiff's U.S. Registration No. 7746957.

148.     Defendant has challenged the validity of Plaintiff's registration in a pending TTAB cancellation proceeding.

149.     Plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201 that its LIBERTY CRUISE Mark is valid and enforceable and that Plaintiff is the lawful owner thereof.

## FIFTH CLAIM FOR RELIEF

## (WAIVER/NO SUPERIOR COMMON LAW RIGHTS)

150.     Plaintiff repeats and realleges Paragraph 1 through 159 as if fully set forth herein.

151.     Defendant has asserted or implied that it possesses superior common law rights in LIBERTY-formative marks.

152.     Upon information and belief, Defendant discontinued prior use of LIBERTY CRUISE and failed to enforce any alleged rights during Plaintiff's development and promotion of its marks.

153.     Defendant's delay and inaction constitute waiver, acquiescence, and forfeiture of any alleged superior common law rights.

154.     Plaintiff seeks a declaration that Defendant possesses no superior common law

rights in LIBERTY-formative marks as against Plaintiff.

**SIXTH CLAIM FOR RELIEF**

**(CANCELLATION OR REFUSAL OF APPLICATIONS)**

155.    Plaintiff repeats and realleges Paragraphs 1 through 164 as if fully set forth herein.

156.    Defendant has filed trademark applications for LIBERTY MIDTOWN CRUISE and LIBERTY SUPER EXPRESS CRUISE.

157.    Registration of those marks would cause damage to Plaintiff because they are confusingly similar to Plaintiff's federally registered LIBERTY CRUISE Mark.

158.    Pursuant to 15 U.S.C. § 1119, Plaintiff seeks an order directing the United States Patent and Trademark Office to refuse or cancel Defendant's pending applications.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff seeks judgement awarding it the following relief:

(a) Adjudging that Defendant has infringed Plaintiff's federally registered LIBERTY CRUISE Mark in violation of 15 U.S.C. § 1114;

(b) Adjudging that Defendant has engaged in false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a);

(c) Adjudging that Defendant has engaged in unfair competition under the common law of the State of New York;

(d) Declaring that U.S. Trademark Registration No. 7746957 for the LIBERTY CRUISE Mark is valid, enforceable, and owned by Plaintiff;

(e) Declaring that Defendant possesses no superior common law rights in LIBERTY-formative marks as against Plaintiff;

(f) Ordering that Defendant be permanently enjoyed from using LIBERTY MIDTOWN

18

CRUISE, LIBERTY SUPER EXPRESS CRUISE, or any other mark confusingly similar to Plaintiff's LIBERTY CRUISE Mark in connection with sightseeing boat tour services;

(g) Awarding Plaintiff Defendant's profits derived from its infringing conduct pursuant to 15 U.S.C. § 1117(a);

(h) Awarding Plaintiff its actual damages sustained as a result of Defendant's infringement;

(i) Awarding enhanced damages, including treble damages, pursuant to 15 U.S.C. § 1117;

(j) Awarding Plaintiff its reasonable attorneys' fees and costs in this action on the grounds that this is an exceptional case;

(k) Ordering, pursuant to 15 U.S.C. § 1119, that the United States Patent and Trademark Office refuse registration of or cancel Defendant's applications for LIBERTY MIDTOWN CRUISE and LIBERTY SUPER EXPRESS CRUISE;

(l) Awarding pre-judgment and post-judgment interest as permitted by law;

(m) Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 9, 2026

         **BARTON LLP**



         By: _/s/ Maurice Ross_____

         Maurice N. Ross, Esq.
         711 Third Avenue
         14th Floor
         New York, NY  10017
         Telephone: (212) 687-6262
         mross@bartonesq.com

         *Attorneys for Plaintiff*
         *GO NEW YORK TOURS, INC.*